United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOELLE MILLER,

    Plaintiff,

    v.

THE BANK OF NEW YORK, et al.,

    Defendants.
_____/

No. C 12-2942 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' motion to dismiss plaintiff's first amended complaint came on for hearing before this court on October 17, 2012. Plaintiff Joelle Miller ("plaintiff") appeared through his counsel, Richard Paris. Defendants The Bank of New York Mellon (formerly known as the Bank of New York) as trustee for the certificate holders of CWABS, Inc., Mortgage Electronic Registration System, Bank of America, N.A., ReconTrust Company, and Countrywide Home Loans ("defendants") appeared through their counsel, Elizabeth Nartker. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion, for the reasons stated at the hearing, and summarized as follows.[1]

    Plaintiff's third, fourth, sixth, seventh, and tenth causes of action arise out of the origination of plaintiff's mortgage loan, which occurred in 2006. Plaintiff argues that the relevant statutes of limitation should be equitably tolled, because he was unaware of the

---

[1] The parties should pay particular attention to this order's disposition of the eighth and ninth causes of action which, based on the court's further review following the hearing, is different than that announced from the bench.

alleged violations until consulting with an attorney in 2012.  However, plaintiff signed the loan origination documents, and has had continuous access to them since 2006.  Thus, plaintiff cannot show that he was unable to discover the alleged violations before 2012.  See Brookwood v. Bank of America, 45 Cal.App.4th 1667, 1674 (1996) ("Reasonable diligence requires the reading of a contract before signing it.").  Accordingly, plaintiff's third, fourth, sixth, seventh, and tenth causes of action are DISMISSED as time-barred.  As amendment would be futile, the dismissals are with prejudice.

Plaintiff's eighth cause of action is for "injunctive relief," which is properly pled as a remedy, rather than as a stand-alone cause of action.  Thus, plaintiff's eighth cause of action is DISMISSED with prejudice.

Plaintiff's first, second, and fifth causes of action are based on alleged defects in the chain of title that render defendants' foreclosure invalid.  The court finds that plaintiff has not adequately alleged any such gap in the chain of title, and therefore DISMISSES plaintiff's first, second, and fifth causes of action.  However, because these claims are not time-barred, plaintiff shall have an opportunity to amend these causes of action.

Plaintiff's ninth cause of action is based on alleged fraud in the loan modification process.  The court finds that plaintiff has not identified any specific misrepresentation made by defendants, and therefore DISMISSES this cause of action with leave to amend.

Plaintiff shall have until November 14, 2012 to file an amended complaint in accordance with this order.  Plaintiff may amend the four causes of action as directed above, but may not add new causes of action or new parties without leave of court or a stipulation of all parties. Defendants' response is due no later than 21 days after plaintiff's amended complaint is filed.  If the response is another motion to dismiss, it should be noticed in accordance with the local rules, but the court will not likely hold any further hearings on the pleadings.

Finally, defendants have requested that the court take judicial notice of loan documents relating to the chain of title for the property at issue in this case.  Because these documents are referenced in plaintiff's complaint, the court GRANTS defendants' request

for judicial notice.

**IT IS SO ORDERED.**

Dated: October 24, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge