UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOELLE MILLER,

       Plaintiff,

       v.

THE BANK OF NEW YORK, et al.,

       Defendants.
_____/

No. C 12-2942 PJH

**ORDER GRANTING MOTION TO DISMISS**

       Defendants' motion to dismiss plaintiff's second amended complaint came on for hearing before this court on February 13, 2013. Plaintiff Joelle Miller ("plaintiff") appeared through a special appearance by Daniel Leahy. Defendants The Bank of New York Mellon (formerly known as the Bank of New York) as trustee for the certificate holders of CWABS, Inc., Mortgage Electronic Registration System, Bank of America, N.A., ReconTrust Company, and Countrywide Home Loans, Inc. ("defendants") appeared through their counsel, Stella Kim. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion, for the reasons stated at the hearing, and summarized as follows.

       Defendants previously moved to dismiss plaintiff's first amended complaint. In granting that motion, the court instructed plaintiff that all claims related to the origination of his loan were time-barred, and because plaintiff had not adequately alleged any basis for the equitable tolling of those claims, they would be dismissed with prejudice. While plaintiff

was granted leave to file a second amended complaint, the court made clear that plaintiff could not re-assert any causes of action related to his loan origination. Despite this instruction, plaintiff's second amended complaint ("SAC") contains a cause of action for "fraud and forgery" that relates entirely to the origination of plaintiff's loan. Thus, plaintiff's fourth cause of action for fraud and forgery is DISMISSED as time-barred. Because amendment would be futile, the dismissal is with prejudice.

Plaintiff's second and third causes of action are based on alleged defects in the chain of title that render defendants' foreclosure invalid. Plaintiff made similar allegations in his first amended complaint, which the court rejected, finding that "plaintiff has not adequately alleged any such gap in the chain of title." Dkt. 27 at 2. Now, in his second amended complaint, plaintiff still has not adequately alleged any gap in the chain of title. Instead, plaintiff argues only that his loan was securitized, but does not provide any authority supporting the argument that securitization constitutes a gap in the chain of title. Thus, plaintiff's second and third causes of action are DISMISSED. Because the SAC is plaintiff's third attempt to state a claim, the dismissal shall be with prejudice.

In addition to the securitization and chain of title allegations, plaintiff's third cause of action also asserts a claim for quiet title. Defendants argue that plaintiff lacks standing to quiet title, because he has not alleged the date as of which the determination is sought, and because he does not allege a credible tender of the amount owed. In his opposition, plaintiff answers "Now!" to the date as of which a determination is sought, and argues that he is willing and able to tender the amounts necessary to cure default. See Dkt. 31 at 5.

To the extent that plaintiff seeks to quiet title "now," he lacks standing to do so, because the property at issue has already been sold. While plaintiff challenges defendants' title in the property (due to the chain of title and securitization allegations addressed above), "[i]n a quiet title action, the plaintiff must stand on the strength of his or her own title and not on the weaknesses of the defendant's title." Ramirez v. Kings Mortgage Services, 2012 WL 5464359 (E.D. Cal. 2012) (internal citation omitted). Here, plaintiff has failed to establish his own title in the property, and instead only challenges defendants' title through

2

his securitization and chain of title arguments. As explained above, those arguments lack merit, and are rejected. Thus, plaintiff currently has no "title" to quiet.

To the extent that plaintiff alleges a pre-foreclosure tender of the amounts owed, which defendants improperly rejected, the court notes that plaintiff's allegations regarding his tender are inconsistent at best. While he alleges that he "has the willingness and ability" to tender the unpaid amounts, he then hedges by saying that he is willing and able to "tender whatever monies he actually does owe" (emphasis by plaintiff), and then further clarifies that he "does not seek to extinguish" the liens against the property, but merely seeks "to quiet title to the property so that its legal status is unchanged as compared to prior to the time of completion of the defendants' wrongful foreclosure." See Dkt. 31 at 5. The court finds that plaintiff has not credibly alleged a willingness and ability to tender, either now or pre-foreclosure, and thus plaintiff's third cause of action for quiet title is DISMISSED. Again, because plaintiff has had three opportunities to state a claim for quiet title, the dismissal shall be with prejudice.

Plaintiff's first cause of action for wrongful foreclosure relies on a number of different allegations, none of which are sufficient to state a claim. First, plaintiff argues that only the holder of the note may initiate foreclosure proceedings. But as defendants point out, under California law, possession of the original note is not required in order to foreclose. See Cal. Civil Code § 2924 (a "trustee, mortgagee, or beneficiary or any of their authorized agents" may conduct the foreclosure process). Plaintiff cites a single case for the proposition that a mortgage is unenforceable when the note and the deed are "irrevocably split." Ramirez, 2012 WL 5464359 (E.D. Cal. 2012). But plaintiff glosses over the fact that the Ramirez court ultimately rejected the argument that plaintiff makes here. The Ramirez court found that, when MERS is designated as the beneficiary of a loan, there is no irrevocable split, as long as MERS is indeed the agent of the lenders.

Second, plaintiff complains of "robo-signing" that broke the chain of title and rendered any subsequent foreclosure invalid. But plaintiff provides no authority for this argument, nor does he make any allegation that the assignment of his mortgage was

3

1 executed by someone without the power to do so. Without more, a bare allegation of
2 "robo-signing" cannot support a wrongful foreclosure claim.

3      Third, plaintiff argues that defendants failed to comply with Cal. Civil Code
4 § 2923.5 by failing to "contact the borrower in person or by telephone in order to assess the
5 borrower's financial situation and explore options for the borrower to avoid foreclosure."
6 However, plaintiff fails to acknowledge that section 2923.5 actually provides two ways for
7 lenders to comply. They can either contact the borrower in person or by phone; or they can
8 satisfy due diligence requirements in attempting to make such contact. In other words, as
9 long as lenders make actual attempts to contact a borrower (in accordance with the
10 statute's due diligence requirements), they have complied with section 2923.5, even if
11 actual contact with the borrower is never made. The SAC does not allege that defendants
12 failed to make attempts to contact plaintiff, instead, it alleges only that defendants did not
13 actually make contact with plaintiff. In order to state a claim for wrongful foreclosure, based
14 on the failure to comply with section 2923.5, plaintiff must allege that defendants failed to
15 comply with either prong of section 2923.5. By failing to do so, plaintiff has not stated a
16 valid claim for relief. To be clear, plaintiff does not need to prove that defendants never
17 attempted to contact him - such a requirement would force plaintiff to prove a negative.
18 However, plaintiff must at least allege failure to attempt to make contact.

19      Accordingly, plaintiff's first cause of action for wrongful foreclosure is DISMISSED.
20 Because this is plaintiff's third attempt to state a claim for wrongful foreclosure, the
21 dismissal shall be with prejudice.

22      Finally, defendants have again requested that the court take judicial notice of loan
23 documents relating to the chain of title for the property at issue in this case. Because the
24 court has already taken judicial of these documents, in connection with defendants' motion
25 to dismiss plaintiff's first amended complaint, defendants' request is DENIED as moot.

**IT IS SO ORDERED.**

Dated: February 22, 2013

PHYLLIS J. HAMILTON
United States District Judge